UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MANASICHA BHUMITHANARN, THIPAKORN
YOOPENSUK, and VUTTINANT
ASSAVASIRISILP, Individually, and on behalf of
all others similarly situated,

                            Plaintiffs                    14 CV 3624 (RJS)

     -against-

22 NOODLE MARKET CORP., (d/b/a OBAO
NOODLES & BBQ), KANRUTHAI
MAKMUANG and LUCK WATANASUPARP,

                            Defendants.

------------------------------------------------------------------------x

### MEMORANDUM OF LAW IN OPPOSITION OF PLANTIFFS' MOTION FOR PRELIMINARY CERTIFICATION

                                          **BELL LAW GROUP, PLLC**
                                          Mordy Yankovich
                                          Melissa Beekman
                                          100 Quentin Roosevelt Blvd., Suite 208
                                          Garden City, NY 11530

## **TABLE OF CONTENTS**

Page

**PRELIMINARY STATEMENT** ..................................................................................................1

**RELEVANT FACTUAL BACKGROUND**..............................................................................2

**ARGUMENT**
    **I.**    **PLAINTIFFS HAVE NOT ESTABLISHED THAT THEY ARE SIMILARLY SITUATED TO THE PROPOSED CLASS TO WARRANT CONDITIONAL CERTIFICATION OF THIS ACTION AS COLLECTIVE ACTION** .....................................................................................8

    **II.**   **TEXT MESSAGE NOTICE AND POSTING NOTICE INSIDE THE RESTAURANT IS NOT APPROPRIATE** ................................................................9

    **III.**  **SIX YEAR NOTICE PERIOD IS NOT APPROPRIATE**…………………………..10

## PRELIMINARY STATEMENT

Defendants 22 NOODLE MARKERT CORP., KANRUTHAI MAKMUANG and LUCK WATANASUPARP by and through their attorneys BELL LAW GROUP PLLC, respectfully submit this memorandum of law in opposition of Plaintiffs' motion for preliminary certification.

For the reasons set forth below, Plaintiffs' request for preliminary certification should be denied. Plaintiffs cannot make the required showing that they are "similarly situated" to all food service workers employed by Defendants with regard to the central allegations in the Complaint.

The allegations Plaintiffs outline in the Complaint are Defendants' alleged failure to pay minimum wage, overtime and spread of hours; unauthorized deductions from gratuities; and failure to provide for and maintain uniforms. Plaintiffs are now seeking to amend the Complaint to include "all similarly situated persons who are now or formerly employed by Defendants." Plaintiffs' sole evidence as to why the named Plaintiffs are similarly situated to all of Defendants' employees is an affidavit from one plaintiff, Manasicha Bhumithanarn (Jutamas Plueksumet). This affidavit falls short from depicting wage and hour violations common to all potential Plaintiffs. Ms. Bhumithanarn does not claim that she worked overtime and there is no evidence presented that Defendants committed any of the alleged violations other than Ms. Bhumithanarn's blanket statements regarding her wages and her speculative allegations, void of any factual evidence, that her coworkers were not being compensated properly. In addition, the named Plaintiffs and potential plaintiffs work different jobs with different pay structures, making certification implausible.

For these reasons, and the reasons stated below, there is no basis to conclude that Plaintiffs are similarly situated to all employees of Defendants. Therefore, Plaintiffs instant motion seeking conditional certification should be denied in its entirety.

## RELEVANT FACTUAL BACKGROUND

Obao Noodles & BBQ has three locations: one in Hell's Kitchen, one in Midtown East, and one in the Financial District. (Affidavit of Mordy Yankovich (Yankovich Aff.), Exhibit 1, Declaration of Kanruthai Makmuang at ¶ 4). At each of the restaurants, Defendants employ waiters, busboys, cooks, cashiers, dishwashers, hosts, head chef, head server, runners, bartenders, packers and delivery workers. *Id.* at ¶ 5. Waiters, head servers, delivery workers, runners, bartenders, packers and busboys are compensated in part by tips while the other positions are non-tipped positions. *Id.* at ¶ 6. Non-tipped employees are paid a straight hourly wage or salary at a rate negotiated by the parties.

Plaintiffs Manasicha Bhumithanarn, Thipakorn Yoopensuk and Vuttinant Assavasirisilp filed the instant Complainant on May 20, 2014 alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, and New York Labor Law §§190, 650 by failing to pay Plaintiffs minimum wage, overtime, spread of hours pay, taking unauthorized deductions from Plaintiffs' gratuities and for failing to provide for and maintain uniforms.

Plaintiff Manasicha Bhumithanarn (Jutamas Plueksumet) was employed by 22 Noodle Market Corp. d/b/a Obao Noodles & BBQ from July 2012 through April 5, 2014, as a waitress. Yankovich Aff., Ex 1 at ¶ 12). Ms. Bhumithanarn was paid her hourly wages by a weekly check and was compensated for her tips in cash as clearly detailed in her wage statements which she was provided with on a weekly basis. (Yankovich Aff.,

4

Exhibit 2, Pay stubs for Manasicha Bhumithanarn; *Id.*). The wage statement clearly depicts that she was paid an hourly rate and was compensated for the remainder of her wages via tips. *Id.* As evident from the wage statements, contrary to Plaintiffs' allegations, Ms. Bhumithanarn's pay varied based on the hours she worked in a given week. *Id.* Ms. Bhumithanarn did not work overtime and does not allege that she worked overtime. *Id.* Defendants adamantly deny that they took illegal deductions from Ms. Bhumithanarn's tips, and Plaintiffs do not set forth any proof that illegal deductions were taken from Plaintiff's tips. *Id.* Ms. Bhumithanarn did not spend over 20 percent of her work day performing non-waitressing duties. *Id.* At most, Ms. Bhumithanarn was required to work 30 minutes a day performing non-waitressing duties. *Id.* Ms. Bhumithanarn was not required to purchase uniforms as alleged in the Complaint. *Id.* Rather, she was simply required to come to work wearing a black shirt, black pants and black shoes. *Id.*

Plaintiff Thipakorn Yoopensuk was employed by 22 Noodle Market Corp. d/b/a Obao Noodles & BBQ from June 2012 until April 7, 2014 as a line cook. (Yankovich Aff., Ex. 1 at ¶ 13). As a line cook, Plaintiff Yoopensuk did not receive tips. *Id.* As evident from his pay stubs, which he signed on a weekly basis, Mr. Yoopensuk received minimum wage, overtime pay for all hours worked over forty (40) in a given week, spread of hours for any day in which he worked in excess of ten (10) hours, and was paid an additional amount as indicated on the pay stub (extra paid) per agreement between the parties. (Yankovich Aff., Exhibit 3, pay stubs for Thipakorn Yoopensuk; *Id.*). Mr. Yoopensuk was not required to purchase uniforms as alleged in the Complaint. *Id.* Rather, he was simply required to come to work wearing dark pants. *Id.*

Plaintiff Vuttinant Assavasirislip was employed by 22 Noodle Corp. d/b/a Obao Noodles & BBQ from October 2013 through January 2014 as a busboy. (Yankovich Aff., Exhibit 1 at ¶ 14). Mr. Assavasirislip was paid a flat amount per shift in addition to tips. *Id.* The flat amount was in excess of the required hourly wage for hours worked minus the tip credit. *Id.* Mr. Assavasirislip was not required to purchase uniforms as alleged in the Complaint. Rather, he was simply required to come to work wearing a black shirt, black pants and black shoes. *Id.*

As stated above, Plaintiffs are now seeking to amend the Complaint to include "all similarly situated persons who are now or formerly employed by Defendants." Plaintiffs' sole evidence in support of its contention that the potential plaintiffs are similarly situated, is an affidavit from one of the plaintiffs, Manasicha Bhumithanarn. Ms. Bhumithanarn, who is no longer employed by Defendants, states that she was not notified that her tips were being included as an offset for wages, Defendants did not account for tips in any daily or weekly accounting of her wages, and that she spent more than twenty percent of her time performing "non-tipped" duties. (Declaration of Manasicha Bhumithanarn at ¶ 10-19). She also states that Defendants required her to purchase uniform items (shirts, pants, socks and shoes) with her own money. *Id.* at ¶ 19. However, Ms. Bhumithanarn states that she only worked between 25-30 hours a week. *Id.* at 6.

Regarding her coworkers, Ms. Bhumithanarn asserts that they were not paid minimum wage, were not paid overtime rate for hours worked over forty, deductions were taken from their tips as a punishment and to share with managers, and they were not compensated for required uniforms. *Id.* at ¶11-20. Ms. Bhumithanarn states that she

possesses this knowledge as a result of "discussing" these issues with her coworkers but does not mention any coworker by name. *Id.*

## ARGUMENT

I. **PLAINTIFFS HAVE NOT ESTABLISHED THAT THEY ARE SIMILARLY SITUATED TO THE PROPOSED CLASS TO WARRANT CONDITIONAL CERTIFICATION OF THIS ACTION AS A COLLECTIVE ACTION**

In order for the Court to authorize Plaintiffs to send out class notice, Plaintiffs must establish that potential class members are "similarly situated." *Hoffman v. Sbarro. Inc.,* 982 F.Supp. 249, 261 (S.D.N.Y. 1997). To meet this standard, Plaintiffs must proffer "'substantial allegations' of a factual nexus between the named plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation. *Davis v. Abercrombie & Fitch Co.,* 2008 WL 470284 (S.D.N.Y. 2008). Stated in another manner, the named Plaintiffs must make a showing that they and potential plaintiffs together were "victims of a common policy or plan that violated the law." *Hoffman*, 92 F.Supp. at 261.

While only a "modest showing" is necessary at the conditional certification stage, case law is clear that this showing cannot be satisfied by "unsupported evidence," "conjecture" or "conclusory allegations" regarding potential plaintiffs. *Levinson v. Primedia Inc.,* 2033428 at * 2 (S.D.N.Y. 2003) (denying conditional certification where the plaintiffs merely alleged that they were not paid minimum wage or overtime, but provided no factual evidence other than the conjecture contained in the plaintiffs' affidavits that other employees were subject to the same pay policies); *Morales v. Plantworks, Inc.*, 2006 WL 278154 (S.D.N.Y. 2006) (plaintiffs conclusory allegations

that "there are over 20 current and former employees that are similarly situated to plaintiffs and have been denied minimum wage and overtime compensation while working for defendants" was not sufficient to warrant conditional certification); *Romero v. H.B. Auto, Group, Inc.*, 2012 WL 1514810 at *28-29 (S.D.N.Y. 2012); *Myers v. Hertz Corp.,* 624 F.3d 537, 554 (2d Cir. 2010). *Barfield v. N.Y. City Health & Hosps. Corp., 2005 WL 3098730 at *1 (S.D.N.Y. 2005)* (denying conditional certification where plaintiff alleged that based on "limited anecdotal hearsay," other nurses were not paid overtime). Conditional certification was similarly denied where plaintiff offered a one page declaration as the sole piece of evidence in support of the motion for collective action. *Armstrong v. Weichert Realtors*, 2006 WL 1455781 at *1 (D.N.J. 2006).

Plaintiffs' allegations are all speculative and conclusory and clearly fail to establish that potential plaintiffs are "similarly situated" or "victims of a common policy or plan."

First, Plaintiffs' allegations regarding herself and the potential plaintiffs are completely unsupported. As stated above, Plaintiffs' sole evidence in support of their contention that the potential plaintiffs are similarly situated, is an affidavit from one of the Plaintiffs, Manasicha Bhumithanarn. Ms. Bhumithanarn asserts that she was not informed that her tips were included as part of her wages, unlawful deductions were made from her wages, and she was not paid for days in which her work varied. However, these assertions are controverted by Ms. Bhumithanarn's wage statements in which it is clearly depicted that she was paid based on the fluctuating amount of hours she worked in a given week, her tips were included in calculating her wages and no deductions were taken from her tips. Ms. Bhumithanarn's assertions regarding her coworkers pay are

similarly baseless. She states that her coworkers told her that they were not being paid minimum wage, overtime, uniform pay and deductions were taken from their tips. No factual evidence is offered other than these blanket assertions. No names are provided, no job descriptions or location of employment are provided, nor are any specifics provided regarding how each employee was compensated.

Second, there is no evidence outside of speculation or conjecture that the potential plaintiffs are "victims of a common plan." In fact, the named Plaintiffs themselves are not similarly situated. Ms. Bhumithanarn was a tipped employee while Mr. Yoopensuk, a line cook was not a tipped-employee. There are many other employees employed by Defendants (cashiers, chefs, etc.) who were not tipped-employees. Some of these non-tipped employees were paid an hourly rate and some were paid salary. In addition, Plaintiffs are basing their allegations of unpaid overtime solely on Ms. Bhumithanarn's declaration, in which she herself admits that she did not work overtime (she worked 25-30 hours a week). Clearly, Plaintiffs and potential plaintiffs are not "victims of a common policy or plan that violated the law" and thus are not "similarly situated."

## II. TEXT MESSAGE NOTICE AND POSTING NOTICE INSIDE THE RESTAURANT IS NOT APPROPRIATE

For the reasons stated above, Plaintiffs should not be authorized to send out notice to potential plaintiffs. However, if conditional certification is granted, notice by text message should not be permitted.

The Supreme Court has held that district courts have discretion in facilitating notice to potential plaintiffs. Hoffman-La Roche v. Sperling, 493 U.S. 165 (1989). Under Federal Rules of Civil Procedure 23(b)(3), for all certified classes, the Court must direct to class members the "best notice that is practicable under the circumstances." Court have

9

denied notice by text message and emails because of privacy concerns, and risk of distortion or tampering. Electronic notice can be easily altered or tampered with by recipients or forwarded with an individual's commentary. <u>Trinidad v. Pret A Manager Ltd.</u>, 962 F.Supp. 2d 545 (SDNY 2013) (holding that it is unnecessary and unreasonable for defendants to provide the telephone number of prospective class members), <u>Gordon v. Kaleida Health</u>, 2009 WL 3334784 at *30 (W.D.N.Y. 2009) (denying production of phone numbers and email addresses because of privacy concerns), <u>Hinterberger v. Catholic Health Sys.</u>, 2009 WL 3464134 (W.D.N.Y. 2009) (denying production of phone numbers and email addresses in the "interest of privacy") <u>Karvaly v. eBay, Inc., 245 F.R.D. 71 (E.D.N.Y. 2007)</u>(holding that electronic notice is not an adequate substitute for the traditional method of noticing prospective class members through first class mail, since first class mail is far less intrusive and provides a reliable and controlled method ensuring that proper notice is received by potential class members).

Clearly, under these circumstances, notice by text message is not necessary or "practicable." Disclosing cell phone number of all employees is clearly unduly invasive and is subject to severe distortion and commentary by the recipients. These risks are clearly reduced by utilizing first class mail. Therefore, if certification is granted, notice should be disseminated solely by first class mail.

Posting notice inside the employer's business is also unnecessary in the instance where defendants supply sufficient contact information for current and former employees. <u>Chhab v. Darden Rests, Inc.</u>, 2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. 2013). Since Defendants' will supply mailing addresses for potential class members if

certified, posting a notice in the restaurant is unduly invasive, disruptive to the employer's business and unnecessary under the circumstances.

### III. SIX YEAR NOTICE PERIOD IS NOT APPROPRIATE

Plaintiffs argue that the notice cover a six (6) year period because their Complaint includes New York Labor Law claims which provide for a six-year statute of limitations. However, the statute of limitations for claims under the FLSA are limited to two (2) years (three (3) years for willful violations which is not the case here) 29 U.S.C. § 255(a). The only purpose of permitting notice at this stage is to "notify and inform those eligible to opt in to the collective action." When no motion for class certification is pending under the New York Labor Law, sending notice to potential plaintiffs whose claims would be time-barred under the FLSA serves no purpose and would cause undue confusion. Trinidad v. Pret A. Manger Ltd, 962 F. Supp. 2d 545 (S.D.N.Y. 2013).

In the instant case, no class certification is pending under the New York Labor Law. Sending notice out to employees who are time-barred would serve no practical purpose other than to confuse employees and make litigating the matter more tedious and costly. Therefore, notice should be limited to two (2) years under the FLSA.

### CONCLUSION

For these reasons, Defendants respectfully submit that Plaintiffs' motion for a conditional collective action be denied in its entirety and the Court should grant such other and further relief as it deems just, proper and equitable. If certification is granted, Defendants respectfully submit that notice should be limited to a two (2) year time frame under the FLSA and should be disseminated solely by first class mail.

                                    By: _____/s/_____  
                                    Mordy Yankovich, Esq.  
                                    Melissa Beekman, Esq.  
                                    Attorneys for Defendants  
                                    1 Old Country Road  
                                    Carle Place, New York 11514  
                                    (516) 280-3008  
                                    (212) 656-1845 (facsimile)  
                                    E-mail: Mordy@jonathanbelllaw.com  
                                                Melissa@jonathanbellaw.com