UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-13-2015

MANASICHA BHUMITHANARN, *et al.*,
*individually and on behalf of all others
similarly situated,*

Plaintiffs,

-v-

22 NOODLE MARKET CORP. d/b/a OBAO
NOODLES & BBQ, *et al.*,

Defendants.

No. 14-cv-3624 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiffs Manasicha Bhumithanarn, Thipakorn Yoopensuk, and Vuttinant Assavasirisilp

(together, "Plantiffs") bring this action against 22 Noodle Market Corp., doing business as Obao

Noodles & BBQ, along with its owners Kanruthai Makmuang and Luck Watanasuparp (together,

"Defendants"), asserting claims under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*)

("FLSA") and the New York Labor Law (N.Y.L.L. §§ 190 *et seq.*, 650 *et seq.*) ("NYLL") for

alleged failure to pay minimum wage and overtime, unauthorized deductions from tips, and failure

to supply uniforms.  Now before the Court is (1) Plaintiffs' motion to amend the complaint, which

is uncontested by Defendants (Doc. No. 19), and (2) Plaintiffs' motion (a) seeking an order

conditionally certifying this case as an FLSA collective action, and (b) requesting court-authorized

notice so that additional employees who currently work, or previously worked, for Defendants

may learn of their right to participate in the lawsuit (Doc. No. 22).  For the reasons set forth below,

Plaintiffs' motions are GRANTED.

## I. Background[1]

Defendants operate a group of fast food restaurants in Manhattan under the name of "Obao Noodles & BBQ" ("Obao"); each of Obao's locations retains a full complement of food service employees in both tipped and non-tipped positions. (FAC ¶¶ 12, 24.) During the period between 2012 and 2014, Plaintiffs Bhumithanarn, Yoopensuk, and Assavasirisilp worked for Obao as a waitress, a line cook, and a busboy, respectively. (FAC ¶¶ 4–5.) Plaintiffs allege that during their employ at Obao Defendants required them and "at least 25 other workers" to work more than forty hours per week for less than minimum wage and without overtime pay. (Mem. Certify 4.) They further allege that Defendants reduced workers' pay by a "tip credit" and took other improper deductions from employees' wages and tips, including requiring them to purchase and maintain uniforms. (*Id.*)

Plaintiffs commenced this action for violations of federal and state labor laws on May 20, 2014 (Doc. No. 2), and now seek to amend their complaint and conditionally certify the collective action (Doc. Nos. 19, 22).

## II. Discussion

### A. Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a "court should freely give leave [to amend a pleading] when justice so requires." However, the Court should deny leave to amend if there is "evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v.*

---

[1] The following facts are drawn principally from Plaintiffs' complaint (Doc. No. 2 ("Compl.")) and first amended complaint (Doc. No. 11 ("FAC")). In deciding Plaintiffs' motion to amend (Doc. No. 19), the Court has also considered Plaintiffs' memorandum of law in support of their motion to amend (Doc. No. 21 ("Mem. Amend")) and the document submitted in support thereof (Doc. No. 20). In deciding Plaintiffs' motion to conditionally certify the FLSA class (Doc. No. 22), the Court has also considered Plaintiffs' memorandum of law in support of their motion to conditionally certify the FLSA class (Doc. No. 24 ("Mem. Certify")), Defendants' memorandum of law in opposition (Doc. No. 27 ("Opp'n Certify")), Plaintiffs' reply (Doc. No. 30 ("Reply Certify")), and the documents submitted in support thereof (Doc. Nos. 23, 28–29).

*Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). Futility is assessed based on the same standard as dismissal for failure to state a claim, such that "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Id.*

Plaintiffs seek to amend their complaint solely to assert claims on behalf of a class of similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. (*See* Doc. No. 17, Ex. 2 (redline comparing Plaintiffs' first amended complaint to their proposed second amended complaint).) At this early stage of the litigation, and in the absence of any suggestion that the amendment is futile or taken in bad faith, the Court GRANTS Plaintiffs' unopposed motion to amend their complaint. [2]

### B. FLSA Conditional Certification

Under the FLSA, employees may pursue collective actions to recover unpaid wages where the employees are "similarly situated" and give consent to become a party in a writing filed with the court. 29 U.S.C. § 216(b). District courts have discretion to implement § 216(b) by "'facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). The statute also authorizes courts to direct a defendant employer to disclose the names and addresses of those potential class members. *Hoffman-LaRoche Inc.*, 493 U.S. at 169–70 (1989); *Sipas v. Sammy's Fishbox, Inc.*, No. 05-cv-10319, 2006 WL 1084556, at *1 (S.D.N.Y. Apr. 24, 2006).

### 1. Legal Standard

The Second Circuit has adopted a "two-step method of certification in an opt-in collective

---

[2] Defendants did not respond to Plaintiffs' motion to amend their complaint, and Defendants do not allege that the proposed amendment would be improper. (*See* Reply Certify at 5 n.1.)

action under the FLSA." *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 401–02 (S.D.N.Y. 2012) (citing *Myers*, 624 F.3d at 554–55). At the first step, the district court must make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred," *Myers*, 624 F.3d at 555, and, if the court determines that notice is warranted, issue "a 'conditional certification' of the collective action." *Winfield*, 843 F. Supp. 2d at 402; *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010) ("Orders authorizing notice are often referred to as orders 'certifying' a collective action, even though the FLSA does not contain a certification requirement."). To satisfy their burden at this first step and achieve "conditional certification," plaintiffs must make only a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (internal quotation marks and emphasis omitted). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hallissey v. Am. Online, Inc.*, No. 99-cv-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb.19, 2008).

Although "unsupported assertions" are insufficient, the Second Circuit has emphasized that the standard of proof should remain "low" because "the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (internal quotation marks omitted); *see also Hoffman v. Sbarro Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ("The burden on plaintiffs [at stage one] is not a stringent one, and the [c]ourt need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'"). Because the standard at the first stage is "fairly lenient," courts applying it "typically grant[] conditional certification." *Malloy v. Richard Fleischman & Assocs. Inc.*, No. 09-cv-332 (CM), 2009 WL 1585979, at *2

(S.D.N.Y. June 3, 2009) (internal quotation marks omitted); *see also Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) ("At this first step, the court uses a relatively lenient evidentiary standard to determine whether a collective action is appropriate." (internal quotation marks omitted)).

"At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.  Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (citation omitted); *accord Cunningham*, 754 F. Supp. 2d at 644.  At the first stage, minor factual distinctions between the plaintiff and the putative class do not defeat conditional class certification. *Lynch*, 491 F. Supp. 2d at 369; *see also, e.g.*, *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) ("To the extent that Defendants['] opposition relies on a detailed factual dispute about whether the Defendants maintain an 'illegal off-the clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case.").  "Upon finding that plaintiffs are similarly situated with other potential opt-ins, a court should conditionally certify the class, order that appropriate notice be given to putative class members, and the action continue as a collective action throughout the discovery process." *Hernandez v. Merrill Lynch & Co.*, No. 11-cv-8472 (KBF), 2012 WL 1193836, at *3 (S.D.N.Y. Apr. 6, 2012) (internal quotation marks omitted).

It is at the second stage of the certification process that "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs.  The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may

be dismissed without prejudice." *Myers*, 624 F.3d at 555; *Hernandez*, 2012 WL 1193836, at \*4 ("The burden imposed at [the] first 'conditional certification' stage is minimal precisely because the second step allows for a full review of the factual record developed during discovery to determine whether opt-in plaintiffs are *actually* 'similarly situated' to the named plaintiffs."); *Iglesias–Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007) ("If the fruits of full discovery reveal that plaintiffs are not, in fact, 'similarly situated' to defendants' other employees, or that only employees who worked at the same facility or engaged in a particular job are 'similarly situated,' [the court] may later decertify the class or divide it into subclasses, if appropriate.").

### 2. Conditional Certification

Plaintiffs' current motion for conditional certification implicates the first of these two inquiries only, and accordingly, Plaintiffs bear only a "minimal" burden to demonstrate that they and other employees are similarly situated. *Canales v. 115 Broadway Corp.*, 09-cv-4674 (RJS), 2009 WL 3029333, at \*1 (S.D.N.Y. Sept. 22, 2009). Having reviewed Plaintiffs' complaint and the affidavit submitted in support thereof, the Court finds that Plaintiffs have met the minimal burden at this preliminary stage of demonstrating that they were subject to a common policy or practice and were "similarly situated" to one another and to potential opt-in plaintiffs.

Plaintiff Bhumithanarn's affidavit sets forth sworn statements that she and "at least 25 other workers at Obao" were employed by the Defendants, regularly worked for less than minimum wage, and were not paid overtime; she also states that her co-workers in tipped positions were often forced by Defendants to share tips or have their tips deducted as punishment. (Decl. of Shawn Clark, dated Sept. 5, 2014, Doc. No. 23, Ex. 1, at 4.) These allegations, even based on the affidavit of a single plaintiff, are sufficient to meet the low standard for conditional certification.

6

*See Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (noting that "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit" (citing cases)).

Although Defendants have submitted to the Court voluminous documentation in the form of Defendants' affidavits and payroll logs in opposition to Plaintiffs' motion, attempting to demonstrate that no violation occurred and no class should be conditionally certified (Opp'n Certify 8–9), these materials clearly go to the merits of the case and Defendants' reliance upon them is misplaced at this stage of proceedings. *See Fasanelli*, 516 F. Supp. 2d at 322. As noted above, Plaintiffs at this stage must make only a modest factual showing that they, along with the proposed class members, were subject to the same policies that violated the FLSA. They have done this in their first amended complaint and affidavit. Of course, "[w]hether [P]laintiffs' evidence will suffice to survive a motion for summary judgment or to carry their burden at trial will become apparent in due time and in the light of full discovery. For the moment, the factual variations [D]efendants rely on do not undercut [P]laintiffs' allegations of common wage and overtime practices that violate the FLSA." *Iglesias-Mendoza*, 239 F.R.D. at 368.

Accordingly, the Court finds that Plaintiffs have satisfied their minimal burden and that they may disseminate court-authorized notice to other potentially "similarly situated" employees.

3. Method of Dissemination and Related Discovery

Plaintiffs seek to provide court-authorized notice in both English and Thai across three different media: (1) direct mail, (2) workplace posting at Obao's 222 East 53rd Street location, and (3) text message. The parties do not dispute that notice should be provided in Thai and English, and they agree that direct mail is an appropriate method for notice dissemination. They differ,

however, regarding the appropriateness of disseminating the notice via workplace posting and text message. (Mem. Certify 8–11; Opp'n Certify 9–11; Reply Certify 3–4.)

First, "[c]ourts routinely approve the posting of notice on employee bulletin boards and in common employee spaces." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12-cv-8629 (KPF), 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013) (citing cases). These postings "maximize potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in," and they can helpfully supplement direct mail notice. *Id*. Accordingly, the Court grants Plaintiffs' request to post notice of this putative class action at the Obao 222 East 53rd Street location.

Second, Plaintiffs argue that they should be permitted to send notifications via text message to all persons employed at Obao since May 20, 2008, on the grounds that much of the restaurant employee population is transient and many potential plaintiffs may have changed residences since their employment at Obao began. Defendants oppose the request, alleging that Plaintiffs cannot demonstrate that notification via text message – in addition to direct mail and posting at the Obao restaurant – is appropriate in light of individuals' privacy interests in their cellular phone numbers and the ease with which individuals may distort electronic data. (Opp'n Certify 9–11.) But privacy and data manipulation concerns do not prevent Defendants from communicating with their employees via text message regarding administrative matters; indeed, the evidence before the Court suggests that text messaging is Defendants' preferred method of employee communication. (Decl. of Shawn Clark, dated Sept. 5, 2014, Doc. No. 23, Ex. 2; Mem. Certify 9.) Here, given the high turnover characteristic of the restaurant industry, the Court finds that notice via text message is likely to be a viable and efficient means of communicating with many prospective members of this collective action. *See Chamorro v. Bahman Ghermezian*, No. 12-cv-8159 (TPG), ECF No.

17 ¶ 5 (S.D.N.Y. Feb. 25, 2013) (authorizing dissemination of FLSA § 216(b) notice via text message); *see also McKinzie v. Westlake Hardware, Inc.*, No. 09-cv-796 (FJG), 2010 WL 2426310, at *5 (W.D. Mo. Jun. 11, 2010) (ordering defendant to provide cellular phone numbers following conditional certification). Accordingly, the Court finds that Plaintiffs may provide notice to potential opt-in Plaintiffs via a text message.

### 4. Notice Period

Having authorized notice, the Court must now determine whether Plaintiffs' notice may be sent to former employees whose potential claims fall outside the FLSA's three-year statute of limitations for willful violations. (Compl. ¶ 124 (alleging willful violations).) "Courts in this Circuit are split on the appropriateness of adopting the NYLL's [six-year] limitations period for the purpose of sending FLSA notice to a group of opt-in plaintiffs." *Gaspar v. Personal Touch Moving, Inc.*, No. 13-cv-8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014). Some courts have permitted notice of the longer period, since even those opt-in plaintiffs with untimely FLSA claims may "shed light on the appropriateness of certifying a class action under the NYLL." *Fonseca v. Dircksen & Talleyrand Inc.,* No. 13–cv–5124 (AT), 2014 WL 1487279, at *6 (S.D.N.Y. Apr. 11, 2014) (internal quotation marks omitted)). Others have approved only a three-year timeline, reasoning that "authorizing notice to employees whose FLSA claims are untimely would amount to sending those employees 'a notice informing them that (1) there is a pending opt-in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification,'" thereby promoting confusion. *Gaspar*, 2014 WL 4593944, at *7 (quoting *Lujan v. Cabana Mgmt., Inc.,* No. 10–cv–755 (ILG), 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011)).

In this matter, where counsel has merely amended its complaint and has not asserted that it will later seek certification of a NYLL class, much less prevail on a Rule 23 motion, the Court adopts the latter approach.   Though the proposed second amended complaint alleges that Defendants violated both the FLSA and the NYLL, Plaintiffs request certification under only the federal law and refer to the putative class as the "FLSA Class."   (*See* FAC ¶¶ 15 ("Plaintiffs seek certification of this action as a collective action on behalf of themselves individually, and of all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b)."), 120–22 (referring to the claims collectively as the "FLSA Collective Action Claims" and discussing claims brought on behalf of the "FLSA Class" during the "FLSA Class Period").) Since "FLSA notice should inform opt-in plaintiffs of their right to bring FLSA claims, not advance counsel's tangential interest in certifying a class of NYLL plaintiffs," the Court authorizes notice only for the three-year statute of limitations under the FLSA. *Gaspar*, 2014 WL 4593944, at *7.

### 5.  Proposed Notification

Along with their request for court authorized notice in this matter, Plaintiffs have provided a copy the proposed class notice and consent they intend to distribute via mail and workplace posting, and a shorter message to be sent via text. (Decl. of Shawn Clark, dated Sept. 5, 2014, Doc. No. 23, Ex. 3 (class notice and consent); Mem. Certify 10 (text message).)   The Court observes that the proposed class notice fails to clearly advise its recipients that they may be required to provide information, appear for a deposition, or testify if they opt into this conditional class action.  Because this information is highly relevant to a potential plaintiff's determination of whether to opt into this action, the Court directs Plaintiffs to add a provision informing recipients of the possibilities listed above. *See Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y.

2014); *see also Lira v. Eagle Open Kitchen LLC*, No. 14-cv-2356 (KBF), 2014 WL 7910482, at *3 (S.D.N.Y. July 14, 2014) (noting the Court's great discretion in this area). Further, in lieu of the proposed text message recommending that recipients phone Plaintiffs' counsel for more information, the text notification should direct potential plaintiffs to a website with an electronic version of the class notice and consent documents to be distributed via mail and workplace posting. Finally, Plaintiffs should amend all notice documents to reflect the three-year notice period approved by the Court.

III. Conclusion

For the reasons set forth above, the Court grants Plaintiff's request to file an amended complaint, conditionally certifies Plaintiffs' first and second causes of action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), permits distribution of notice via mail, workplace posting, and text message, and finds that a three-year notice period is appropriate. Defendants shall promptly provide Plaintiffs with the names, addresses, and phone numbers for individuals who worked for Defendants between May 20, 2011 and the present in both paper and electronic formats. Further, Plaintiffs shall submit a revised proposed class notice and text message for the Court's approval by July 27, 2015. The parties shall also submit a revised proposed case management plan by August 3, 2015.

SO ORDERED.

DATED:      July 13, 2015
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE