**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| MANASICHA BHUMITHANARN, THIPAKORN YOOPENSUK, and VUTTINANT ASSAVASIRISILP, *individually and on behalf of others similarly situated*, <br><br> *Plaintiffs*, <br><br> -against- <br><br> 22 NOODLE MARKET CORP. (d/b/a OBAO NOODLES & BBQ), KANRUTHAI MAKMUANG and LUCK WATANASUPARP, <br><br> *Defendants*. | **14-cv-3624 (DF)** <br><br> **SETTLEMENT AGREEMENT AND GENERAL RELEASE** |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs MANASICHA BHUMITHANARN, THIPAKORN YOOPENSUK, TARPONG KAEWJINO and VUTTINANT ASSAVASIRISILP ("Plaintiffs") and Defendants 22 NOODLE MARKET CORP. (d/b/a OBAO NOODLES & BBQ), KANRUTHAI MAKMUANG and LUCK WATANASUPARP (collectively the Defendant Corporation and the Individual Defendants are the "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:15-cv-5948 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the sum of One Hundred Thousand Dollars (**$100,000.00**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys for

1231196.1

distribution to the Plaintiffs.

    2(a).   The payments shall be divided as follows:
   a. Michael Faillace & Associates shall receive $33,000.
   b. Plaintiff Bhumithanarn shall receive $25,000.00.
   c. Plaintiff Kaewjino shall receive $19,500.00.
   d. Plaintiff Yoopensuk shall receive $19,500.00.
   e. Plaintiff Assavasirislip shall receive $3,000.00.

    2(b)   All payments shall be delivered to the office Michael Faillace & Associates, P.C. to the attention of Michael Faillace Esq., 60 East 42nd Street, Suite 2540, New York, NY 10165 and shall be paid in accordance with the following schedule

   a. Five equal installments to Plaintiff Bhumithanarn in the amount of $5,000.00 to be mailed to Plaintiff's attorneys by the 15th day of each month, for five consecutive months, commencing the month following the month in which the Court approves the Stipulation and Order of Dismissal with Prejudice.
   b. Five equal installments to Plaintiff Kaewjino in the amount of $3900.00 to be mailed to Plaintiff's attorneys by the 15th day of each month, for five consecutive months, commencing the month following the month in which the Court approves the Stipulation and Order of Dismissal with Prejudice.
   c. Five equal installments to Plaintiff Yoopensuk in the amount of $3900.00 to be paid mailed to Plaintiff's attorneys by the 15th day of each month, for five consecutive months, commencing the month following the month in which the Court approves the Stipulation and Order of Dismissal with Prejudice.
   d. Five equal installments to Plaintiff Assavasirislip in the amount of $600.00 to be mailed by the 15th day of each month, for five consecutive months, commencing the month following the month in which the Court approves the Stipulation and Order of Dismissal with Prejudice.
   e. Five equal installments to Michael Failace & Associates, P.C. in the amount of $6,600.00 to be mailed to Plaintiff's attorneys on the 15th day of each month, for five consecutive months, commencing the month following the month in which the Court approves the Stipulation and Order of Dismissal with Prejudice.

    2(c) As requested by Plaintiffs, Defendants shall issue a Form 1099-MISC in connection with all payments made in section 2(b) above. In exchange for said payments made in this manner, Plaintiff and Plaintiffs' Counsel shall indemnify and hold Defendants harmless for any tax liability, penalty, interest, cost or expense incurred by it as a result of the fact that Defendants did not deduct state and federal income taxes, or other withholdings from this sum, or otherwise treat the entire sum as taxable wages. Additionally, Plaintiffs and Plaintiffs' Counsel shall also hold Defendants harmless, and indemnify all Defendants from any payments Defendants may be required to make to any taxing authority resulting from Plaintiffs' and/or Plaintiffs' counsel's failure to pay any taxes that they may owe related to said income.

    Each Plaintiff shall return his Form w-9, including a valid Tax ID or ITIN along with the signed agreement. For each Plaintiff that does not provide a valid Tax ID or ITIN by the time the Agreement is executed, said Plaintiff shall not be entitled to any payment under section 1 or 2(a)

and until or unless he/she submits a valid Tax ID or ITIN. Upon submission of such valid Tax ID or ITIN, Defendants shall pay said Plaintiff in accordance with Sections 2(b) above, other than the five monthly payments shall commence the month following Defendants' receipt of said Plaintiff's Tax ID or ITIN. Plaintiffs' counsel warrants that this provision has been expressly explained to each Plaintiff. If one or more Plaintiffs do not submit a valid Tax ID or ITIN to Defendants, it shall not affect the timing of payments to other Plaintiffs, in accordance with Section 2(b) above, who have submitted a valid Tax ID or ITIN.

2(d).   The Court shall dismiss the Litigation, with prejudice, in the form set forth in Exhibit A to this Agreement.

2(e).   Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement. Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

2(e)   In the event that the Settlement Amount is not paid by the payment dates set forth in paragraph 2 above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for the Defendants by email and certified mail, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment, the form of which is appended hereto as Exhibit C.

3.   <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating to their employment with Defendants and regarding any events claimed to have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, such Plaintiff's employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Older Workers' Benefit Protection Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied

contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorney's fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect their right or ability to enforce this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs regarding events that have occurred as of the Effective Date of this Agreement.

Plaintiffs herby affirm that they have been paid and/or have received all leave entitlements (paid or unpaid), compensation, wages for hours worked (including overtime, if applicable), bonuses and/or benefits to which he/she may have been entitled in connection with his/her employment with Defendants, and that other than monetary payments set forth in this Release, no other monies shall be due, become due or paid to them by Defendants.

4. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

6. Acknowledgment: Each Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 2020
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Andrea Batres, Esq.
**Bell Law Group, PLLC**
100 Quentin Roosevelt Boulevard
Suite 208
Garden City, New York 11530
Tel: 516.280.3008
Fax: 212.656.1845

9. Notice to Defendants. Plaintiffs agree that in the event they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition court proceeding or otherwise) which in any way relates to Defendants, their prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, they will give prompt notice of such request to Defendants' counsel and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

10. No Proof of Liability. Except as set forth herein, this Agreement shall not be cited in any matter for any purposes against Defendants, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans. Welfare plans, deferred compensation plans or long term incentive plans, or as proof of liability of any sort.

9. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiffs confirm that this Settlement Agreement and General Release has been translated to them in

Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

      12.   <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____   _____
MANASICHA BHUMITHANARN

Dated: _____   _____
THIPAKORN YOOPENSUK

Dated: _____   _____
VUTTINANT ASSAVASIRISILP

Dated: _____   _____
TARPONG KAEWJINO

Dated: 12/20/2016   _____
KANRUTHAI MAKMUANG, individually and on behalf of 22 NOODLE MARKET CORP. (d/b/a OBAO NOODLES & BBQ)

Dated: 12/20/2016   _____
LUCK WATANASUPARP, , individually and on behalf of 22 NOODLE MARKET CORP. (d/b/a OBAO NOODLES & BBQ)

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MANASICHA BHUMITHANARN, THIPAKORN YOOPENSUK, and VUTTINANT ASSAVASIRISILP, *individually and on behalf of others similarly situated*,

        *Plaintiffs*,

-against-

22 NOODLE MARKET CORP. (d/b/a OBAO NOODLES & BBQ), KANRUTHAI MAKMUANG and LUCK WATANASUPARP,

        *Defendants.*

15-cv-5948 (WHP)

**STIPULATION OF DISCONTINUANCE**

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date:  New York, New York
        August___, 2016

Andrea Batres, Esq.
**Bell Law Group, PLLC**
100 Quentin Roosevelt Boulevard
Suite 208
Garden City, New York 11530
Tel: 516.280.3008
Fax: 212.656.1845
*Attorney for Defendants*

Shawn Clark, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd. St. Suite 2020
New York, NY 10165
Tel.: 212.317.1200
*Attorneys for Plaintiffs*