UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANASICHA BHUMITHANARAN, et al.,

       Plaintiffs,

  -against-

22 NOODLE CORP. (d/b/a OBAO NOODLES & BBQ), et al.,

       Defendants.

14cv3624 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

  This Fair Labor Standards Act and New York Labor Law action is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c). On January 1, 2017, Plaintiffs' counsel submitted a proposed settlement agreement to this Court for fairness review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015), together with a letter, submitted jointly with Defendants, setting forth the reasons why the parties believed the settlement to be fair and adequate (Dkts. 68 (letter), 68-1 (proposed agreement)). On March 10, 2017, this Court held a telephone conference with counsel to express concern with (a) the scope of the proposed release of Plaintiffs' claims, and (b) the means by which the agreement would be subject to enforcement. On April 17, 2017, Plaintiffs' counsel wrote to the Court, to inform the Court that the parties had accepted the Court's suggested change to the scope of the release, and attaching a stipulation between counsel to that effect.

  On April 24, 2017, this Court issued a written Order (Dkt. 70), indicating that it would not approve the parties' settlement, pursuant to *Cheeks*, absent certain modifications. The issues raised by the Court in its April 24 Order included that: (1) the stipulated revision of the language of Plaintiffs' release of claims had not been signed by the parties and counsel had provided no

confirmation that the new release language had been translated for the parties into Thai, their native language, (2) the parties had not made clear whether they wished this Court to retain jurisdiction to enforce the settlement, and (3) although the proposed settlement agreement referred to an attached "Exhibit C," purportedly a form affidavit of confession of judgment, no such exhibit was appended to the agreement. (*See* Dkt. 70.)

On May 9, 2017, Plaintiffs' counsel submitted a revised proposed settlement agreement, executed by the parties, which incorporated the modified release language, as well as a provision indicating that the full agreement, including the modified release, had been translated for Plaintiffs into Thai. (Dkt. 71-1.) The agreement, however, still failed to append the referenced "Exhibit C," and was still ambiguous as to whether the parties wished, if necessary, to seek to enforce the agreement in federal court. (*See* Dkts. 71, 71-1 ¶¶ 2(e), 10.[1]) After my Chambers reached out to counsel to point out these continuing issues, this Court received a letter from Plaintiffs' counsel on June 27, 2017 (Dkt. 73), presumably in response to the Court's expressed concerns, but *still* not addressing them. Rather, counsel's letter only confirmed what was already stated in the parties' proposed agreement, *i.e.*, that the parties would "consent and stipulate to the personal jurisdiction" of this Court in connection with any proceeding to enforce the settlement (*see id.* (emphasis added); *see also* Dkt. 71-1 ¶ 10), which, as this Court had previously explained (*see* Dkt. 70), is not the same thing as requesting that the Court *retain jurisdiction* for

---

[1] The Court notes that the parties' proposed Agreement, as submitted, contained two paragraphs 2(e), the second of which stated, in pertinent part, "Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment, the form of which is appended hereto as Exhibit C." (Dkt. 71-1.) Paragraph 10 of the proposed Agreement stated, in pertinent part, that "[t]he parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this judgment." (*Id.*)

the purposes of enforcement, after the case is closed. As this Court had previously noted, while parties do not need to request that this Court retain jurisdiction for purposes of enforcing their settlement, their submission should be clear as to what they are seeking on this point.

On July 18, 2017, one of the named plaintiffs called my Chambers directly (not through counsel), apparently to request that the Court take action to approve the proposed settlement. On July 20, 2017, this Court held a telephone conference with counsel to address the still-open question of the Court's retention of jurisdiction, particularly in light of the missing "Exhibit C," and the ambiguity created by the agreement with respect to any mechanism or forum of enforcement. Following that conference, counsel made another submission (Dkt. 74), which *still* did not correct the issue, prompting this Court to hold yet another telephone conference with counsel on July 21, 2017. Finally, after the July 21 conference, counsel made a supplemental submission (Dkt. 75) that eliminated the ambiguity in the agreement regarding the means by which the parties would, if necessary, seek enforcement of the settlement, and that made clear that the parties were seeking to have this Court retain jurisdiction for enforcement purposes.

This Court has now reviewed all of the parties' submissions, in order to determine whether the modified proposed settlement agreement (Dkt. 71-1) represents a reasonable compromise of the claims asserted in this action. In light of the totality of the relevant circumstances, including the representations made in the parties' letter as to the adequacy of the agreement, the terms of the modified proposed agreement itself, counsel's later clarification to the Court regarding the parties' agreed means of enforcement, and this Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during a lengthy settlement conference conducted by this Court) it is hereby ORDERED that:

1. The Court finds that the terms of the modified proposed settlement agreement (Dkt. 71-1), as now clarified by stipulation (Dkt. 75-1), are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees, and the agreement is therefore approved.

2. In accordance with the parties' request, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.

3. As a result of the Court's approval of the parties' executed settlement agreement, this action is hereby discontinued with prejudice and without costs or fees to any party.

4. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
       July 21, 2017

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)